**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD GUERRERO, ) | 3:06-CV-00360-BES (RAM) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JO ANNE B. BARNHART, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Plaintiff filed a motion for remand of the Commissioner's decision on January 3, 2007 (Doc. #9). Defendant opposed the motion and filed a cross-motion to affirm the Commissioner's final decision on March 2, 2007 (Doc. #12). Plaintiff replied and opposed Defendant's motion on March 21, 2007 (Doc. #13).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

At the time of the decision, Plaintiff Ronald Guerrero was a forty-seven year old man with a highschool education and a work history as a contractor and laborer (Doc. #9 at 2). Plaintiff filed an application for Supplemental Security Income (SSI) and disability insurance benefits (DIB) on March 25, 2004 (Tr. 45-48, 186-189) asserting degenerative joint disease resulting in severe and chronic knee pain has caused him to be permanently and completely disabled since October 15, 2003 (Tr. 19).

Plaintiff, represented by attorney Dennis A. Cameron, appeared and testified at the disability hearing on September 20, 2005 (Tr. 18). The Administrative Law Judge (ALJ) followed the five-stage procedure for evaluating disability claims, set forth in C.F.R. § 404.1520, and found Plaintiff could not perform any of his past relevant work and was limited to "light and sedentary work" (Tr. 20). However, the ALJ found under step five that there were a significant number of jobs Plaintiff could perform consistent with his age, education, work experience, and residual functional capacity to do light and sedentary work (Tr. 21). Accordingly, in the decision issued on November 21, 2005, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act (Tr. 22). Plaintiff appealed the decision and the Appeals Council denied review (Tr. 4-6). Thus, the ALJ's decision became the final decision of the Commissioner (*Id.*).

Plaintiff now appeals the ALJ's decision to the district court, in which he argues the ALJ erred by not obtaining testimony from a vocational expert and, instead, relying on the grids to make the determination that Plaintiff could do light and sedentary work.

Both parties stipulate that the ALJ fairly and accurately summarized the material evidence and testimony (Doc. #9 at 2, Doc. #12 at 2).

## II. STANDARD OF REVIEW

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Smolen v. Charter*, 80 F.3d 1273, 1279 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F. 3d 748, 749 (9th Cir. 1995). "However, if evidence is susceptible of more than one rational interpretation, the decision of

2

the ALJ must be upheld." *Id.* The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986); 20 C.F.R. § 404.1512(a). To meet this burden, a plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months ..." 42 U.S.C. §423 (d)(1)(A).

## III. DISCUSSION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987); *see* 20 C.F.R. §§ 404.1520, 416.920. If at any step the SSA can make a finding of disability or nondisability, a determination will be made and the SSA will not further review the claim. *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

In the first step, it must be determined whether the claimant is engaged in "substantially gainful activity"; if so, a finding of nondisability is made and the claim is denied. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in substantially gainful activity, the second step requires determining whether her impairments or combinations of impairments are "severe." *Yuckert*, 482 U.S. at 140-41. If a claimant's impairments are so slight that they cause no more than minimal functional limitations, it will be determined that the claimant is not disabled. 20 C.F.R. § 404.1520. If, however, it is found that the claimant's impairments are severe, such impairments will be presumed to be sufficiently severe provided the impairments meet or equal the impairments described in the Commissioner's Listing of Impairments and are of sufficient duration. 20 C.F.R. § 404.1520(d). If the claimant's impairments meet or equal a listed impairment, the claimant is conclusively presumed disabled. *Id.* If the claimant's impairments are severe, but do not meet or equal a listed impairment, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141. In step four, the Commissioner determines whether the claimant can still

3

1 perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If he can still do past
2 relevant work, then the ALJ should determine that he is not disabled. 20 C.F.R. §
3 404.1520(f). If, however, he cannot perform past relevant work, the burden shifts to the
4 Commissioner, *Yuckert*, 482 U.S. at 144, to establish, in step five, that the claimant can
5 perform work available in the national economy. *Id.* at 141-42; *see* 20 C.F.R. §§ 404.1520(e),
6 404.1520(f), 416.920(e), 416.920(f).

7 Application of steps four and five requires the ALJ review the claimant's residual
8 functional capacity and the physical and mental demands of the work he did in the past. 20
9 C.F.R. § 404.1520(f) & (g). "Residual functional capacity" (RFC) is what the claimant can still
10 do despite his limitations. 20 C.F.R. § 404.1545. If the individual cannot do the work he did
11 in the past, the ALJ must consider his RFC, age, education, and past work experience to
12 determine whether he can do other work. *Id.* If the Commissioner establishes the claimant
13 can do other work which exists in the national economy, then he is not disabled. 20 C.F.R.
14 404.1566.

15 In the present case, the ALJ applied the five-step sequential evaluation process and
16 found, at steps one through three, that Plaintiff was not engaged in substantially gainful
17 activity (Tr. 18-19) and that the medical evidence established Plaintiff has degenerative joint
18 disease (Tr. 21). However, the ALJ concluded this impairment did not meet or equal the level
19 of severity of any impairments described in the Listing of Impairments (Appendix I, Subpart
20 P, Regulation No. 4) either individually or in combination (Tr. 21). At step four, the ALJ
21 determined that Plaintiff's impairment prevented him from performing any of his past
22 relevant work (Tr. 22); however, at step five, the ALJ determined Plaintiff has the residual
23 functional capacity to perform substantially all of the full range of light and sedentary work
24 and is, therefore, not disabled (Tr. 20).

25 ///
26 ///
27 ///
28

4

**Vocational Expert Testimony**

Plaintiff asserts, pursuant to SSR 83-12, that the ALJ was required to obtain testimony from a vocational expert because the ALJ determined Plaintiff must be given the opportunity to sit or stand at will (Doc. #9 at 8). Defendant argues the ALJ was not required to obtain testimony from a vocational expert because the ALJ found that, although Plaintiff should be given the opportunity to sit or stand at will, Plaintiff also had the ability to sit and/or stand for six hours in an eight hour workday; therefore, SSR 83-12 should not extend to the facts of this case (Doc. #12 at 4-5).

SSR 83-12 provides, in pertinent part:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>
> There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. *Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand , a VS should be consulted to clarify the implications for the occupational base.*

SSR 83-12, 1983 WL 31253 at 4 (emphasis added).

Defendant's argument and the ALJ's determination – Plaintiff can sit and/or stand for six hours out of an eight hour workday and Plaintiff should be given the opportunity to sit or stand at will – are incompatible. Under these facts, the ALJ found Plaintiff could not perform his past relevant work, but was capable of doing unskilled work and should be given the opportunity to sit or stand at will. "Unskilled types of jobs are particularly structured so that

5

a person cannot ordinarily sit or stand at will." SSR 83-12. Accordingly, SSR 83-12 directed the ALJ to consult a vocational expert in his step five analysis. The Ninth Circuit also expressly interpreted SSR 83-12 as directing the ALJ to consult a vocational expert in cases where the claimant must alternate between sitting and standing. *See Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th Cir. 1984) ("Under the heading 'Special Situations,' the statement discusses the impact of a finding that the claimant must alternate periods of sitting and standing. Such a claimant is defined as functionally not capable of doing either the prolonged sitting contemplated in the definition of sedentary work or the prolonged standing or walking contemplated for most light work. Because the occupational base is greatly reduced, the ALJ is directed to consult a vocational expert in such cases.").

Under these facts, the ALJ erred in not consulting a vocational expert before determining Plaintiff could perform light and sedentary work.

### III. CONCLUSION

The remaining question is whether to remand for further administrative proceedings or simply for the payment of benefits. An award of benefits is warranted where the record has been fully developed and where further administrative proceedings would serve no purpose. *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Ninth Circuit has credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id* at 1292.

Here, the Commissioner did not meet his burden of proving Plaintiff was capable of performing light and sedentary work. On May 10, 2004, Newton G. Yco, D.O. determined Plaintiff could only stand and walk for two hours in and eight-hour workday (Tr. 19, 160). Then, on August 14, 2004, Joseph Toth, M.D. opined that Plaintiff could stand or walk for

a total of two hours in an eight-hour workday (Tr. 171). Finally, On August 31, 2005, Martin Kanilam, M.D. determined, based on information provided by Plaintiff, that Plaintiff's standing and walking were limited to two hours a day, his sitting was limited to less than two hours a day, and he needed the opportunity to shift at will from sitting or standing/walking (Tr. 183-185). The ALJ rejected each physician's opinion regarding Plaintiff's limitations based on a lack of objective evidence and medical findings (Tr. 19). However, the ALJ evidently credited a portion of Dr. Kanilam's opinion regarding Plaintiff's need to shift from sitting and standing at will (Tr. 19-22). The ALJ did not provide clear and convincing reasons for discrediting every physician's opinion regarding the number of hours Plaintiff can sit and/or stand and then crediting a portion of one physician's opinion regarding Plaintiff's need to sit or stand at will. The record indicates there was no evidence to counter the opinions of these physicians and the ALJ simply substituted his own judgment for their opinions.

SSR 83-12 does not state that a sit/stand option is inconsistent with all sedentary work; it merely provides that a vocational expert should be consulted in order "to clarify the implications for the occupational base." SSR 83-12. Accordingly, the district court should remand for further proceedings consistent with this recommendation.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Remand of the Commissioner's Decision (Doc. #9) be **GRANTED**.

///

///

///

///

///

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm the Commissioner's Final Decision (Doc. #12) be **DENIED** and that the decision of the ALJ be **REVERSED AND REMANDED** for further proceedings consistent with this Recommendation.

DATED:   September 26, 2007.

_____
UNITED STATES MAGISTRATE JUDGE